**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR ORTIZ LOPEZ, | No. 19-56412 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-02517-JGB-SP |
| and | |
| IRMA ORTIZ, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| TOWN OF APPLE VALLEY, a corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted March 16, 2021[**]

Before: GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Salvador Ortiz Lopez appeals pro se from the district court's summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment in his 42 U.S.C. § 1983 action alleging retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003). We affirm.

The district court properly granted summary judgment because Ortiz Lopez failed to raise a genuine dispute of material fact as to whether the alleged deprivations were caused by municipal policy, custom or practice, or whether the allegedly unconstitutional conduct was ratified by an official with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining municipal liability under § 1983); *Christie v. Iopa*, 176 F.3d 1231, 1238-39 (9th Cir. 1999) (explaining that in the absence of an expressly adopted municipal policy, municipal liability under § 1983 can be established by proving that an official with final policymaking authority ratified a subordinate's unconstitutional decision or action and basis for it); *see also Capp v. County of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (setting forth the elements of First Amendment retaliation).

The district court properly declined to consider alleged violations of the Eighth Amendment prohibition on excessive fines and the Fourth Amendment right to be free from unreasonable arrest raised in Ortiz Lopez's Opposition to the Motion for Summary Judgment because these claims were not raised in Ortiz Lopez's complaint. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977-78 (9th Cir.

2

2018) (explaining that a plaintiff cannot add new claims at the summary judgment stage without seeking leave to amend).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Ortiz Lopez's motion for judicial notice (Docket Entry No. 7) is denied. Appellee's request to strike Ortiz Lopez's Opening Brief, set forth in the Answering Brief, is denied.

**AFFIRMED.**